IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



THURMAN L. HENDERSON, §
　　　　　　　　　　　　　§
　　　　　Applicant, §
　　　　　　　　　　　　　§
VS. § NO. 4:07-CV-666-A
　　　　　　　　　　　　　§
NATHANIEL QUARTERMAN, §
Director, Texas Department §
of Criminal Justice, §
Correctional Institutions §
Division, §
　　　　　　　　　　　　　§
　　　　　Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein Thurman L. Henderson ("Henderson") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent.[1] This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On December 11, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by January 1, 2009. Henderson timely filed written objections to which Director has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or

---

[1] Applicant refers to his application as a "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Henderson claims that (1) he received ineffective assistance of trial and appellate counsel, (2) he was convicted with insufficient evidence to support his conviction, and (3) the reporter's record contains inconsistencies. See FC&R at 2. After concluding that none of Henderson's claims entitled him to relief, the magistrate judge recommended that Henderson's application be denied. See FC&R at 14.

Henderson's only specific objection to the FC&R is that his claim that he was forced to proceed with unwanted counsel was not addressed. Contrary to this objection, both the magistrate judge and the state habeas court addressed this claim and found that Henderson was not entitled to relief. This objection is wholly without merit.

Henderson's remaining objections are mere regurgitations of his original claims. Accordingly, the court need not address them. See Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993); Battle, 834 F.2d at 421.

Therefore,

The court accepts the findings, conclusions, and recommendation of the magistrate judge and ORDERS that the

Henderson's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED December 30, 2008.

_____
JOHN McBRYDE
United States District Judge